UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Cesar De La Garza, | |
| Plaintiff(s), | Case No. 2:24-cv-00455-APG-MDC |
| vs. | Order to Show Cause |
| Unknown, | |
| Defendant(s). | |

Incarcerated pro se plaintiff Cesar De La Garza filed an *application to proceed in forma pauperis* (IFP) and a *complaint*. ECF No. 1 and 1-1. Plaintiff must show cause, meaning he must explain in writing, why (1) his IFP application should not be denied and (2) his complaint should not be dismissed for lack of subject matter jurisdiction.

**I.      Plaintiff's IFP application**

"An order to show cause is an order requiring a party to appear and show cause why a certain thing should not be done or permitted." *Smith v. Coucher*, 9 Alaska 730, 737 (D. Alaska 1940), citing to *Spaeth v. Sells*, 176 F. 797, 799 (C.C.S.D. Ohio 1909). Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act (PLRA), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately

preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff leaves many questions on his IFP application blank. ECF No. 1. He also does not attach a certified copy of his trust fund account statement, as required by the PLRA. Plaintiff must show cause in writing to explain why he did not submit a complete IFP application. If plaintiff wishes to proceed IFP, he must file a long form IFP application and certified copy of his trust fund account statement from the last six months.

## II. Plaintiff's complaint

"Federal courts are courts of limited jurisdiction....It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (citations omitted).  It is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316, 111 S. Ct. 2331, 115 L. Ed. 2d 288 (1991)).

A federal court may exercise either federal question jurisdiction or diversity jurisdiction. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the

constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)). A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. "[T]he congressional grant of diversity jurisdiction is to be strictly construed." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983).

Plaintiff's one page complaint does not list any defendants or any causes of action. ECF No. 1-1. Even extending plaintiff's pro se complaint a "liberal[] constru[ction]"—as is the Court's duty, plaintiff's sparse complaint does not allege anything to show that this Court has jurisdiction over this case. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Subject matter jurisdiction refers to the court's power to adjudicate a particular type of cases. Limited jurisdiction means that the plaintiff can only file certain types of cases in federal court, as previously stated. Diversity jurisdiction means the parties are diverse (the parties are citizens of different states) and the case is worth more than $75,000. Plaintiff is in Nevada, but since he does not name any defendants to the case, plaintiff has not alleged that the defendant(s) are citizens of different states. Plaintiff has also not alleged that the case is worth more than $75,000. Federal jurisdiction means that a federal law (rather than state or common law) is at issue. Since plaintiff has not alleged any claims, he has not alleged federal jurisdiction.

Plaintiff must show cause in writing why this Court has subject matter jurisdiction over this case. If plaintiff wishes to proceed with this case, he must also attach a separate proposed amended complaint. The amended complaint must be a separate document that does not refer to his previous complaint.

**It is so ordered** that, plaintiff Cesar De La Garza has until **Thursday, April 11, 2024** to:

1. Show cause in writing why his IFP application should not be denied and why this case should not be dismissed for lack of subject matter jurisdiction.

2. Pay the filing fee in full or file an application to proceed in forma pauperis on the long form that includes a certified copy of his trust fund account statement.

3. File a proposed amended complaint that shows that this Court has subject matter jurisdiction.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this order may result in dismissal of this case.

It is so ordered.

Dated this 12th day of March 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge